OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Mahoning County Bar Association v. DiMartino.
[Cite as Mahoning Cty. Bar Assn. v. DiMartino (1994),      Ohio
St.3d     .]
Attorneys at law -- Misconduct -- Six-month suspension stayed
     on condition no disciplinary complaints are certified to
     the Board of Commissioners on Grievances and Discipline
     during that time -- Conduct adversely reflecting on
     fitness to practice law.
     (No. 94-1861 -- Submitted October 11, 1994 -- Decided
December 7, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-55.
     Relator, Mahoning County Bar Association, filed a
complaint against respondent, Dennis DiMartino of Youngstown,
Ohio, Attorney Registration No. 0039270.  The complaint
alleged, among other things, violations of DR 1-102(A)(4)
(conduct involving dishonesty, fraud, deceit or
misrepresentation) and 1-102(A)(6) (conduct adversely
reflecting on fitness to practice law).  These charges were
heard by a panel of the Board of Commissioners on Grievances
and Discipline of the Supreme Court on November 22, 1993.
     The alleged violations arose from respondent's efforts to
negotiate a settlement on behalf of Shelley Lester for injuries
she sustained in an automobile accident.  Lester testified that
on several occasions, respondent failed to respond to her
inquiries concerning the status of her case.  She also
testified that the eventual $4,000 settlement amount was
accepted by respondent without her prior authorization or
approval and that respondent delivered her share of the
settlement proceeds only after persistent inquiries on her
part.  She denied ever signing a settlement statement.
     Respondent testified that he believed that he had received
absolute authority from Lester to settle the case.  It was his
belief throughout negotiations that Lester's wish was to
"settle it [the case] for whatever you can get."
     Respondent also offered the testimony of Judge Fred H.
Bailey of Youngstown, who stated that respondent had a fine
reputation in the legal community and that his opinion of

respondent's honesty, character and trustworthiness remained unchanged. Respondent also submitted several character letters attesting to his integrity.

The panel, upon review of the evidence, found no violation of DR 1-102(A)(4). It found that relator had violated DR 1-102(A)(6) by failing to: (1) timely respond to his client's inquiries, (2) provide his client with a settlement statement, and (3) promptly forward Lester's portion of the settlement proceeds. The panel recommended a six-month suspension from the practice of law in Ohio, with the suspension to be stayed on the condition that respondent commit no further disciplinary violations during that time. The board concurred in the panel's findings, conclusions and recommendations, and further recommended that the costs of the proceedings be taxed to respondent.

Robert A. Lenga and Michael Palagano, for relator.

Per Curiam. We concur in the findings and recommendations of the board. Respondent is hereby suspended from the practice of law in Ohio for six months, with the suspension to be stayed on the condition that no disciplinary complaints against respondent are certified to the board by a probable cause panel during that time. Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur.

Moyer, C.J., and Wright, J., dissent.

Pfeifer, J., dissents and would publicly reprimand respondent.

Wright, J., dissenting. I dissent, because I would not stay respondent's suspension of six months.

Moyer, C.J., concurs in the foregoing dissenting opinion.